Cindy M. Park, Esq. (SBN 217066)
**FEDERAL EXPRESS CORPORATION**
2601 Main Street, Suite 1100
Irvine, California 92614
Telephone: 949.862.4799
Facsimile: 901.492.5641
Email: cindy.park@fedex.com

Attorney for Defendants
FEDERAL EXPRESS CORPORATION and
TRAVIS DYE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANIYA PENNY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION, a Delaware Corporation; TRAVIS DYE, an individual; and DOES 1 - 10, inclusive<br><br>Defendants. | **Case No.: 5:25-CV-02974**<br><br>**Assigned For All Purposes to Honorable Judge: Stanley Blumenfeld Jr.**<br>**Dept: 6C**<br><br>[San Bernardino Superior Court Case No.: CIVRS2508336]<br><br>**DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT**<br><br>[Declaration of Cindy M. Park in Support of Motion and [Proposed] Order Filed Concurrently Herewith]<br><br>Date: January 16, 2026<br>Time: 8:30 a.m.<br>Dept.: 6C<br><br>Complaint Filed: October 1, 2025<br>Trial Date: Not set |

(323586)

1

DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

**TO PLAINTIFF MANIYA PENNY AND HER ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on January 16, 2026, at 8:30 a.m., or as soon thereafter as this matter may be heard, in Courtroom 6C, United States District Court for the Central District located at the First Street Courthouse, 350 West First Street, Los Angeles, California 90012, Defendants Federal Express Corporation ("FEDERAL EXPRESS") and Travis Dye ("DYE") (collectively "Defendants") will, and hereby do, move this Court for an order enforcing the settlement reached with Plaintiff Maniya Penny ("Plaintiff" or "PENNY").

This Motion is made following Defendants' meet and confer with Plaintiff's counsel on December 10 and 12, 2025 pursuant to L.R. 7-3 as well as the parties' appearance before the Court on December 19, 2025 at the Status Conference which specifically addressed the settlement agreement and Plaintiff's conduct related to same. (Declaration of Cindy Park, ¶¶ 14, 15, and 17.) The Court granted Defendants permission to proceed with this Motion and to have it heard on January 16, 2025. (*Id.*)

This Motion is based on this Notice of Motion and Motion to Enforce Settlement, the supporting Memorandum of Points and Authorities, the Declaration of Cindy M. Park and any exhibits thereto, all pleadings and papers on file with the Court in this action, and such additional evidence and argument that may be presented before or at the hearing.

DATED: December 22, 2025         Respectfully submitted,

By:_____
Cindy M. Park
Attorney for Defendants
FEDERAL EXPRESS CORPORATION and
TRAVIS DYE

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)  2
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

# **TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................5

II. STATEMENT OF FACTS........................................................................5

III. LEGAL ARGUMENT ............................................................................7

    A. THE COURT HAS THE AUTHORITY TO ENFORCE THE PARTIES' SETTLEMENT…………………………8

    B. THE SETTLEMENT AGREEMENT IS ENFORCEABLE BECAUSE THE PARTIES AGREED ON ALL MATERIAL TERMS…………………………………8

IV. CONCLUSION.......................................................................................11

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)

3

DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

# TABLE OF AUTHORITIES

**Cases**

*Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 388 (7th Cir. 1999)………………………………………………………………………....9

*Alipio v. Secretary of Army*, (N.D. Cal. May 1, 1998) ..............................................8

*Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987)..................................................8, 9

*Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) ................................9

*Gamble v. Synchrony Bank,* (C.D. Cal. May 15, 2020)……………………….…...10

*Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144–45 (9th Cir.1977) ..........8, 9

*Inamed Corp. v. Kuzmak*, 275 F.Supp.2d 1100, 1124 (C.D.Cal. 2002)……………9

*Kohn v. Jaymar–Ruby, Inc.*, 23 Cal. App. 4th 1530, 1534 (1994)……………........9

*Marks–Foreman v. Reporter Pub. Co.*, 12 F.Supp.2d 1089, 1092 (S.D. Cal.1988)...................................................................................................8

*Marrs v. Cox*, (9th Cir. Apr.12, 1991)........................................................................8

*Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 389 (5th Cir.1984)...........8

*Myles v. Nelson Staffing Solutions*, (N.D. Cal. July 30, 2007)……………….…....9

*Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983) ..........................................8

*Rosen v. Urban Commons, LLC* (C.D. Cal. May 10, 2023)……………….............10

*Schaffer v. Litton Loan Servicing, LP*, (C.D. Cal. Nov. 13, 2012)…………...…...10

*Suchy*, 786 F.2d 900, 902–03 (9th Cir.1985)............................................................8

*TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986)...........................8

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION.

This is a very simple motion. Plaintiff Maniya Penny's ("Plaintiff" or "PENNY") counsel and Defendants Federal Express Corporation ("FEDERAL EXPERSS") and Travis Dye's ("DYE") ("Defendants") counsel agree this settled on November 12, 2025. Both Plaintiff's counsel and Defendants' counsel agree that the material terms of the formal settlement agreement were agreed to by November 24, 2025 and all that was required was for Plaintiff to execute the agreement. Plaintiff, however, is refusing to execute the settlement agreement because she no longer wishes to have settled for the negotiated amount. A deal is a deal. Regret does not excuse performance of a contract. Accordingly, Defendants request the Court grant this Motion to enforce the settlement agreement and dismiss this action with prejudice.

## II. STATEMENT OF FACTS.

On October 1, 2025, PENNY, a former employee of FEDERAL EXPRESS, filed this lawsuit in the Superior Court for the County of San Bernardino against Defendants. (*See* Declaration of Cindy Park ("Park Decl."), ¶ 2.)

On November 6, 2025, FEDERAL EXPRESS removed this action. (Park) Decl., ¶ 3.)

On November 8, 2025, counsel for FEDERAL EXPRESS first discovered that Plaintiff had served DYE, the individual defendant, by substitute service. Counsel immediately attempted to meet and confer with Plaintiff as to DYE's intention to file a motion to dismiss the two causes of action alleged against him. In response, counsel agreed to a telephonic conference on November 12, 2025 to see whether this action could be resolved and/or an agreement reached as to the dismissal of the individual claims. (Chon Decl., ¶ 4, Exh. 1.)

On November 12, 2025, counsel for Plaintiff, Mr. Toor, and counsel for Defendants, Cindy Park, held a telephone conference to discuss the issues concerning

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)  5
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

DYE's Motion to Dismiss and settlement. After a couple telephone conversations and email exchanges that day, the parties reached a settlement. (Chon Decl., ¶ 5.) Specifically, Mr. Toor stated "I have conferred with our client and have obtained her *last, best and final* authority to resolve this case for $[REDACTED]. Let me know your client's response/position before the close of business." (*Id.*, Exh. 2.) In response, Ms. Park stated "[w]e accept your settlement demand of $[REDACTED]. I will go ahead and draft the Settlement Agreement." (*Id.*)

On November 13, 2025, Mr. Toor stated he was glad the parties were able to resolve the matter and the "Settlements Team" would facilitate execution of the formal agreement. (Chon Decl., ¶ 6, Exh. 3.) Gabriela Redondo from Mr. Toor's firm was the attorney handling the finalization of the agreed upon settlement. (*Id.*, Exh. 4.)

On November 18, 2025, Defendants sent Ms. Redondo the draft of FEDERAL EXPRESS' standard settlement agreement which included a breakdown of the settlement funds allocated to lost wages and a portion for attorneys' fees and costs, a California Civil Code section 1542 waiver, a confidentiality agreement, a liquidated damages provision for breach of the confidentiality agreement, and an agreement to dismiss the action with prejudice upon ten days of receipt of the settlement funds. (Chon Decl., ¶ 7, Exh. 5.)

On November 21, 2025, Ms. Redondo sent a redlined version of the settlement agreement which included providing the law firm's TAX ID number, a provision stating that the checks would be sent to Plaintiff's counsel's office in Santa Monica, California, and a reduction in the amount of liquidated damages in the event of breach of the confidentiality provision. (Chon Decl., ¶ 8, Exh. 6.) On November 24, 2025, Defendants accepted most of the proposed revisions and sent over the revised draft of the settlement agreement. (Chon Decl., ¶ 9, Exh. 7.) Later that same day, Ms. Redondo confirmed the latest draft was acceptable and requested an execution version be sent over. (*Id.*) Defendants sent over the final version that same day. (*Id.*)

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)   6
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

On November 26, 2025, Defendants filed a Notice of Settlement advising the Court of the settlement and informing the Court that Plaintiff would file a request for dismissal of the action with prejudice upon receipt of the settlement funds. (Chon Decl., ¶ 10.)

On December 2, 2025, Defendants sent Ms. Redondo an email inquiring as to the execution of the settlement agreement by Plaintiff. (Chon Decl., ¶ 11, Exh. 8.) Ms. Redondo stated she was waiting for the client to get back to her regarding the settlement agreement and once she had the signed copy, she would let us know. (*Id.*)

In the late afternoon of December 2, 2025, Defendants became aware that Plaintiff and/or her mother had contacted Human Resources at FEDERAL EXPRESS stating dissatisfaction with the settlement amount and/or Plaintiff's counsel (which conduct likely violated the confidentiality provision of the settlement agreement). (Chon Decl., ¶ 12.) Defendants sent Mr. Toor an email to inform him of Plaintiff's actions and to inquire as to the status of the settlement agreement. (*Id.*)

A few days later, on December 5, 2025, counsel for Plaintiff filed a Request for Approval of Substitution or Withdrawal of Counsel. (Chon Decl., ¶ 13.) This led counsel to suspect that PENNY was attempting to renege on the settlement which resulted in Defendants filing of the Amended Notice of Settlement. (*Id.*)

On December 10, 2025, counsel for the parties had a telephone conversation wherein counsel for Plaintiff stated PENNY did not intend to abide by the settlement agreement despite the fact that he had her explicit authority to enter into the settlement agreement. (Chon Decl., ¶ 14.) On December 15, 2025, counsel for Plaintiff confirmed that PENNY's position had not changed. (Chon Decl., ¶ 15.) To date, PENNY has not returned the executed settlement agreement. (Chon Decl., ¶ 16.)

### III. **LEGAL ARGUMENT.**

Both Plaintiff's counsel and Defendants' counsel agree that this case settled for a sum certain, but Plaintiff unreasonably refuses to sign the Settlement Agreement.

(323586)  7
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

The Court has the authority to enforce the settlement and Defendants respectfully requests the Court do so.

### A.  The Court has the Authority to Enforce the Parties' Settlement.

The Court has the authority to summarily enforce the parties' settlement in this case. "It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." (*Callie v. Near*, 829 F.2d 888, 890 (9th Cir.1987) (citing *Mid–South Towing Co. v. Har–Win, Inc.*, 733 F.2d 386, 389 (5th Cir.1984); *TNT Marketing, Inc. v. Agresti*, 796 F.2d 276, 278 (9th Cir.1986) ("The district court had inherent power to enforce the agreement in settlement of litigation before it") (citing *In re Suchy*, 786 F.2d 900, 902–03 (9th Cir.1985) ("Furthermore, it is well settled that a court has inherent power to enforce summarily a Settlement Agreement involving an action pending before it"); *see also Marrs v. Cox*, Nos. 89–35710, 89–35734, and 90–35194, 1991 WL 54873, *2 (9th Cir. Apr.12, 1991) (Unpub.Disp.) ("A court has inherent power summarily to enforce a Settlement Agreement with respect to an action pending before it; the merits of the antecedent controversy become inconsequential") (citations omitted).)

### B.  The Settlement Agreement is Enforceable Because the Parties Agreed on All Material Terms.

To be enforceable, a settlement agreement must meet two requirements. First, it must be a complete agreement. (*Callie*, 829 F.2d at 890 (citing *Ozyagcilar v. Davis*, 701 F.2d 306, 308 (4th Cir. 1983).) This requires that the parties have reached agreement on all material terms. (*Id*. at 891.) Second, the parties "must have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." (*Marks–Foreman v. Reporter Pub. Co*., 12 F.Supp.2d 1089, 1092 (S.D. Cal.1988) (citing *Harrop v. Western Airlines, Inc*., 550 F.2d 1143, 1144–45 (9th Cir.1977) (emphasis added)); *Alipio v. Secretary of Army*, No. C94–00224 CRB, 1998 WL 231021, *3 (N.D. Cal. May 1, 1998).)

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)

8

DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

A settlement agreement that is not in writing, or that, although written, is not signed by one party may still be enforced under certain circumstances. (*See Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1145 (9th Cir. 1977) (enforcing an oral settlement agreement); *Myles v. Nelson Staffing Solutions*, No. C 06–07792 CRB, 2007 WL 2209281, *5 (N.D. Cal. July 30, 2007) (enforcing an *unsigned* settlement agreement).) In the absence of a signed settlement agreement, the moving party must demonstrate that the parties intended to be bound in the absence of a fully executed agreement. (*Callie*, 829 F.2d at 890–91.)

Summary enforcement is inappropriate where material facts concerning the existence or terms of the agreement are in dispute. (*See In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 958 (9th Cir. 1994) "The formation of a settlement contract requires agreement on its material terms." (*Callie*, 829 F.2d at 891.) For this reason, "the district court may only enforce complete settlement agreements." (*Id.* at 890.) Generally speaking, provisions that require payment in exchange for a release of claims constitute material terms of the settlement agreement. (*See*, *e.g.*, *Doi v. Halekulani Corp.*, 276 F.3d 1131, 1138 (9th Cir. 2002) (referencing dismissal of the case with prejudice and a release as among the material terms of a settlement agreement placed on the record); *Abbott Laboratories v. Alpha Therapeutic Corp.*, 164 F.3d 385, 388 (7th Cir. 1999) (noting that "the details of ... release provisions ... in settlement agreements are inherently material"); *Inamed Corp. v. Kuzmak*, 275 F.Supp.2d 1100, 1124 (C.D.Cal. 2002) ("There is no doubt that release provisions are generally thought to be material terms of any Settlement Agreement"); *Kohn v. Jaymar–Ruby, Inc.*, 23 Cal. App. 4th 1530, 1534 (1994) ("As outlined above, there was substantial evidence that the parties reached a binding oral agreement at the March 30 settlement conference as to the material terms of a settlement—amount of payment, scope of release, confidentiality").)

As set forth above, to prevail on a motion to enforce, the moving party must

(323586)     9
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

show both that the parties "have reached agreement on all material terms[,]" and that the parties "have either agreed to the terms of the settlement or authorized their respective counsel to settle the dispute." (*Schaffer v. Litton Loan Servicing, LP*, No. 05-07673, 2012 WL 10274678, at *8 (C.D. Cal. Nov. 13, 2012) (citations omitted).)

In *Schaffer*, the Court states: "[C]ourts generally find there is agreement on all of the material terms of settlement where the parties have agreed upon the monetary amount of the settlement payment and the fact that plaintiffs will release specific claims. Agreement on the precise terms of a written settlement agreement, precise release language…is not required." (*Id*. at *15.)

*Rosen v. Urban Commons, LLC*, Case No. 8:20-cv-01973-JLS-DFM, 2023 WL 4155368 (C.D. Cal. May 10, 2023) is also instructive. In *Rosen*, the plaintiff moved to enforce an unsigned settlement agreement against defendants. While the parties had agreed to and executed a prior conditional settlement agreement, they later negotiated additional, limited terms, and the non-moving parties did not sign the final agreement. (*Id*. at *1-2.) While defendants opposed the motion to enforce the settlement, they did not argue their attorneys were not authorized to settle. (*Id*. at *4.) Crucially, as here, the non-moving parties' attorneys *acknowledged* a settlement had been reached. (*Id.*) Based on these facts, the *Rosen* court concluded that the parties had reached a complete agreement and clearly manifested an intent to be bound by the material terms. (*Id*.) As such, the court enforced the parties' settlement.

Finally, in *Gamble v. Synchrony Bank*, Case No. EDCV 19-1229 JGB (SPx), 2020 WL 12991563 (C.D. Cal. May 15, 2020), the court granted a credit reporting company defendant's motion to enforce a settlement agreement. The court reviewed an e-mail exchange between counsel ending in a basic agreement on monetary and non-monetary terms, but no signed settlement agreement. (*Id*. at *2-3.) Looking to general principles of contract law to determine the enforceability of settlement, the court also recognized that "California has a strong policy in favor of enforcing settlement

(323586)   10
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

FEDERAL EXPRESS
CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

agreements. (*Id.* at * 2.) The court concluded that all of the elements of a contract were present in the e-mails between counsel. (*Id.* at *3.)

Applying these principles to this case, here, it is undisputed that the parties agreed to settle this case for a specific sum and agreed on the material terms of the settlement. (*See* Chon Decl., ¶¶ 5-9, Exhs. 2-7.) Counsel for Defendants prepared FEDERAL EXPRESS' standard settlement agreement in conformity with the parties' agreement, including the agreed upon settlement amount, release of all claims, California Civil Code section 1542 waiver, and confidentiality provisions. (Chon Decl, ¶¶ 7-9.) All material terms were agreed to by counsel for the parties by November 24, 2025. (Chon Decl., ¶ 9, Exh. 7.) Both Plaintiff's counsel and Defendant's counsel agree that this case settled for the sum agreed upon. (*Id.*, ¶ 14.) PENNY, however, unreasonably refuses to sign the settlement agreement.

Because there is no dispute that the parties reached a settlement, nor any dispute as to the material terms of the settlement agreement, the Court should enforce the settlement and dismiss this case.

## IV. CONCLUSION.

For all the reasons stated herein, Defendants respectfully requests that the Court grant Defendants' motion to enforce the parties' settlement and dismiss this action.

DATED: December 22, 2025          Respectfully submitted,

By: _____
Cindy M. Park
Attorney for Defendants
FEDERAL EXPRESS CORPORATION and
TRAVIS DYE

FEDERAL EXPRESS CORPORATION
2601 MAIN STREET
SUITE 1100
IRVINE, CA 92614

(323586)                                      11
DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S
NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT

# CERTIFICATE OF SERVICE
*Maniya Penny v. Federal Express Corporation, et al.*
**U.S. Central District of California Court Case No.: 5:25-cv-02974**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614.

On December 22, 2025 I served the within document(s): **DEFENDANTS FEDERAL EXPRESS CORPORATION AND TRAVIS DYE'S NOTICE OF MOTION AND MOTION TO ENFORCE SETTLEMENT**

- ☒ With the Clerk of the Court for the United States District Court-Central District of CA by using the Court's CM/ECF system and that service will be accomplished by the court's CM/ECF system to the person(s) as set forth below.
- ☐ by transmitting via email, the document(s) listed above to the email addresses set forth below.
- ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States Mail at Irvine, California addressed as set forth below.
- ☐ by placing the document(s) listed above in a sealed envelope with delivery fees provided for, addressed as follows for collection by Federal Express for overnight delivery at Federal Express Corporation, 2601 Main Street, Suite 1100, Irvine, California 92614, in accordance with Federal Express Corporation's ordinary business practices.

Joshua I. White, Esq.
Preetpal S. Toor, Esq.
LAUREL EMPLOYMENT LAW
808 Wilshire Blvd, Suite 200
Santa Monica, CA 90401
Tel: (323) 551-9221
Fax: (310) 564-4090
Email: josh@laurelemploymentlaw.com;
preetpal@lauralemploymentlaw.com
**Counsel for Plaintiff, *MANIYA PENNY***

- ☒ *(Federal)* I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on December 22, 2025, at Irvine, California.

*/s/ Ava Baghai*

Ava Baghai

Federal Express Corporation
2601 Main Street
Suite 1100
Irvine, CA 92614

(323586)

12

MOTION TO ENFORCE SETTLEMENT